PEOPLE *v.* DOW.

FACTORY INSPECTION—INTERFERENCE WITH INSPECTOR.
    The general manager of a factory is not guilty of interfering with the factory inspector in the discharge of his duty, within the meaning of Act No. 184, Pub. Acts 1895, imposing a penalty for such interference, by refusing to let him enter the part of the factory which he desires to inspect through a door that only indirectly leads to that portion, at the same time indicating the regular door, which would give him complete access thereto.

Error to recorder's court of Detroit; Chapin, J. Submitted June 16, 1898. Decided July 12, 1898.

Alexander Dow was convicted of violating the factory inspection law.    Reversed.

*Wilkinson, Post & Oxtoby*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *William H. Turner*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J.    The respondent was prosecuted for a violation of Act No. 184, Pub. Acts 1895, known as the "Factory Inspection Law."    This law provides (section 12) that "the commissioner of labor * * * and deputy factory inspectors shall be factory inspectors in the meaning of this act, and are hereby empowered to visit and inspect at all reasonable hours, and as often as practicable or required, the factories, workshops, and other manufacturing establishments in the State," etc.    A further provision is that any person who violates or omits to comply with any of the provisions of the act, or any person who interferes in any manner with the factory inspector in the discharge of his duties, shall be punished, etc.

The charge preferred against this respondent is that he did unlawfully interfere with one Otto Reinhardt, a deputy state factory inspector, in the discharge of his duties, "by refusing him access to the machinery department of the Edison Illuminating Company, of which said Alexander Dow was then and there the general manager."    The evidence on the trial disclosed that the inspector visited the premises of the Edison Illuminating Company, and was referred by the person in charge of the office to the engineer.    The office was upstairs.    He then went downstairs, and found a door which he assumed to be the door leading into the engine room.    It appears by the undisputed testimony that, as a matter of fact, this was not the regular door used for that purpose; that, while it led indirectly to the engine room by means of a flight of steps, yet there was a regular door to the engine room.    While standing near this door the respondent entered the other door.    The parties are not agreed as to just what the con-

versation was, but both do agree that respondent directed Mr. Reinhardt to the engineer, and directed him to go around to the other door. This the inspector refused to do, but demanded admission at the door in question.

The prosecuting attorney in his brief says that the question to be decided is whether the factory inspector or his deputy has the right, at all reasonable times, to enter at any door or entrance that is open, and through which access may be gained to the machinery, in any factory that the duties of the factory inspector or his deputy, as set forth in the statute under which the warrant in this case was issued, may call him, or whether the factory inspector or his deputy may be compelled to enter such factory through such opening or door as the proprietor or person in charge may see fit to designate. We have no hesitancy in answering this question, and affirming that it is the duty of the factory inspector to observe the reasonable regulations of the proprietor. The authority conferred by this statute is extraordinary, and due regard to the rights of others would suggest to the officers that the authority be exercised in such a way as to avoid collison with the owner or occupant, if possible. It is not suggested that the door to which this factory inspector was directed did not afford access to the department which he sought to inspect. This being so, it cannot be said that the respondent interfered with the inspector by refusing him access to the machinery department of the company, unless it be held that the inspctor is to be the judge of the aperture through which he is to enter. It would, of course, be a physical possibility to enter through an open window, but, if the proprietor had provided a door to admit persons to the premises, he would not be bound to permit the inspector to enter at the window. The case would have been quite different if the refusal had been captious, or if the door to which the inspector had been directed would not have afforded him full access to all parts of the factory which he desired to inspect. The provisions of the law are wise and salutary, and we would by no means be disposed to place such a

construction on the statute as would be calculated to unnecessarily hamper officers in the discharge of their duty; but, on the other hand, the power to enter upon private premises for the purpose of inspecting property is a delicate power, and should be exercised with great caution.

We think the evidence in this case did not warrant a conviction. Judgment will be reversed, and a new trial ordered.

The other Justices concurred.